IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | CRIMINAL NO. 1:11CR137 |
| v. | ) | |
| | ) | Honorable Liam O'Grady |
| PRESTON CHEROUNY, | ) | |
| | ) | Sentencing: June 17, 2011 |
| Defendant. | ) | |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, through its attorneys, Neil H. MacBride, United States Attorney, and Uzo E. Asonye, Assistant United States Attorney, in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, Guidelines Manual ("Guidelines"), § 6A1.2, files this Position of the United States With Respect to Sentencing of Preston Cherouny ("Cherouny" or "defendant").

The United States believes that the probation officer correctly calculated the Sentencing Guidelines offense level to be 14 – after an acceptance of responsibility reduction – which results in a guidelines range of 15 to 21 months incarceration. In addition, the United States respectfully submits that the Sentencing Guidelines appropriately account for each of the factors set forth in 18 U.S.C. § 3553(a) in this case and requests that this Court impose a sentence of imprisonment at the low end of the guidelines. The government also requests that this Court order full restitution of $99,536.92 and impose a period of supervised release.

**ARGUMENT**

As this Court is well aware, following the Supreme Court's decision in *United States v. Booker*, the Sentencing Guidelines are now advisory. *United States v. Booker*, 543 U.S. 220, 261 (2005). Accordingly, "a district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

I. **THE PROBATION OFFICER APPROPRIATELY CALCULATED THE GUIDELINES RANGE OF 15-21 MONTHS**

The defendant objects to the probation officer's determination that a two level enhancement in offense level is applicable because the defendant as a mortgage loan officer abused a position of trust. The defendant contends that the enhancement is not applicable because application of the enhancement would result in double counting. This argument is without merit. The United States agrees with the probation officer's findings that the enhancement is appropriate. Defendant's abuse of trust was not addressed in the base offense level. *See U.S. v. Loving,* 08CR4075, 2008 WL 5077063, at *2(4th Cir. Nov. 25, 2008) (two level sentencing enhancement for abuse of a position of trust after conviction of health care fraud and false statements did not constitute impermissible double counting because abuse of trust was not addressed either in the base offense level or in a specific offense characteristic). The offense conduct addressed under § 2B1.1 of the guidelines was the defendant's involvement in a conspiracy that used an interstate wire to execute a scheme to defraud, while, on the other hand, the § 3B1.3 upward adjustment addresses the harm that arises when an individual who holds a

position of trust uses that status to facilitate the commission of his crime. *Cf. United States v. Christiansen*, 958 F.3d 285 (9th Cir.1992) (distinguishing between breach of trust and abuse of trust in the application of U.S.S.G. § 3B1.3). Furthermore, defendant's position would invalidate application of the abuse of position of trust enhancement to all economic offenses under § 2B1.1. Accordingly, the defendant deserves the role enhancement pursuant to Section 3.B1.31 of the guidelines.

  II.  A SENTENCE AT THE LOW END OF THE GUIDELINES SERVES THE FACTORS SET FORTH IN 3553(A)

After calculating the appropriate guidelines range, "the court must determine whether a sentence within that range . . . serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors." *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006). Section 3553(a) states that a sentencing court should consider the nature and circumstances of the offense and characteristics of the defendant. In addition, it states that the Court should take into account the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, [] to provide just punishment for the offense[, and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B). The sentence also should be fashioned in light of the need to protect the public from further crimes of the defendant and to provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2)(C) & (D). Based on these factors, a term of imprisonment within the guidelines range is warranted and appropriate.

The United States submits that a sentence at the low end of the guidelines is appropriate in this case in light of the Section 3553(a) factors. Defendant Cherouny engaged in a serious crime. The defendant's conduct did not represent a momentary lapse of judgment. His fraud was significant. In addition to the fraudulent loan transaction reflected in the Statement of Facts

that the defendant pleaded guilty to orchestrating, the defendant also signed false names to leases and other loan documents for other loan officers at SunTrust.

The damage the defendant wrought is significant. The defendant participated directly in a fraudulent mortgage transaction resulting in mortgage loan proceeds to unqualified buyers of over $200,000 and losses in excess of $99,000. At least one property was foreclosed as a direct result of the defendant's actions. That foreclosure affected the lender, borrowers, and homeowners in the surrounding community. All of those factors must be taken into account in fashioning an appropriate sentence.

Section 3553(a)(2)(A) also requires the sentence to "promote respect for the law." The defendant, through his offense conduct, has shown a complete disrespect for the law. As discussed above, the defendant - by submitting fraudulent loan documents- played a critical role in carrying out the fraud. In short, the defendant took proactive and affirmative steps to perpetrate the fraud. This serious conduct calls for a sentence that includes a meaningful period of incarceration. The United States believes that a sentence at the low end of the guidelines would account for the seriousness of the defendant's crime.

The United States believes that the criminal conduct for which Cherouny is now being sentenced is deterrable and significant and meaningful sentence is necessary and appropriate to afford adequate deterrence. Mortgage fraud prosecutions require the Government to commit significant investigative and prosecutorial resources. Also, they are typically only detected well after the offense has been committed. As a result of the significant resources required to mount a mortgage fraud prosecution, general deterrence becomes a more important sentencing factor. Moreover, the mortgage loan process relies heavily on the integrity of the loan officer. In this case, the loan officer's complicity in the fraud was critical to the success of the underlying

conspiracy. And there is no question that the conspiracy did succeed; it resulted in the approval of a fraudulent loan. In addition to specific deterrence, it is important that any sentence given to the defendant serve as a deterrent to others who would work with a loan officer in an effort of further mortgage fraud. The message must be that those who defraud banks and mortgage lenders for their own personal gain will be punished appropriately, and that when they do that over an extended period of time and cause thousands of dollars in loss, the punishment will be serious. A substantial period of incarceration is necessary to send the appropriate deterrent message.

## CONCLUSION

For the foregoing reasons, considering the criteria established in Title 18, United States Code, Section 3553(a) and the recommendations contained in the Presentence Report, the United States respectfully requests that the Court impose a sentence at the low end of the guidelines. The government is mindful that the Court recently sentenced a similarly situated defendant loan officer to 60 days incarceration; however, the government submits that a guidelines sentence is appropriate. The government also requests that this Court order full restitution of $99,536.92 and impose a period of supervised release.

Respectfully Submitted,

Neil H. MacBride
United States Attorney

By:     /s/

Uzo E. Asonye
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3700
Fax: (703) 299-3980

## **CERTFICATE OF SERVICE**

I hereby certify that on the 10th day of June 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF, which will then send a notification of such filing (NEF) to the following:

Douglas Kay
1921 Gallows Road
Suite 750
Alexandria, Virginia 22182
703-883-0880

By:     /s/
    Uzo E. Asonye
    Assistant United States Attorney
    United States Attorney's Office
    2100 Jamieson Avenue
    Alexandria, VA 22314
    Phone: (703) 299-3700
    Fax:   (703) 299-3980
    Email: uzo.asonye@usdoj.gov