FILED
IN OPEN COURT

JUN 20 2011

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Alexandria Division

UNITED STATES OF AMERICA

V.

**PRESTON CHEROUNY**
Defendant.

Case Number: 1:11CR00137-001

USM Number: 78086-083

Defendant's Attorney:
Douglas R. Kay, Esquire

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 1 of the Criminal Information.

The defendant is adjudicated guilty of these offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Wire Fraud | Felony | 2008 | 1 |

As pronounced on June 17, 2011, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 20th day of Jun 2011.

/s/
Liam O'Grady
United States District Judge

AO 245B (Rev 12/03)(VAED rev 2) Judgment in a Criminal Case  
Sheet 2 - Imprisonment

Page 2 of 6

Defendant's Name: **PRESTON CHEROUNY**
Case Number: **1:11CR00137-001**

## IMPRISONMENT

The defendant is hereby committed into the custody of the United States Bureau of Prisons to be imprisoned for a total term of: SIXTY (60) DAYS.

The defendant shall surrender for service of sentence no sooner than September 16, 2011, once designated by the Bureau of Prisons, as directed by the probation officer.

The Court makes the following recommendation to the Bureau of Prisons:

1) that the defendant be designated to a facility in the Northern Virginia area to be near family.

## RETURN

I have executed this judgment as follows:_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By     _____
DEPUTY UNITED STATES MARSHAL

Defendant's Name: **PRESTON CHEROUNY**
Case Number: **1:11CR00137-001**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: TWO (2) YEARS.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess or use a controlled substance. Unless mandatory drug testing is waived, the defendant shall submit to one drug test within 15 days of release from custody and periodic drug tests thereafter, as determined by the Court.

The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

# STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any special conditions of supervision.

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days before any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or as an agent of a law enforcement agency without the permission of the Court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case  
Sheet 3A - Supervised Release

Page 4 of 6

Defendant's Name: **PRESTON CHEROUNY**  
Case Number: **1:11CR00137-001**

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release, pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall participate in the Home Confinement Program for a period of/or not to exceed FOUR (4) MONTHS consecutively as directed by the probation officer. During this time he will remain at his place of residence except for employment and other activities approved in advance by the probation officer.

2) As reflected in the presentence report, the defendant presents a low risk of future substance abuse and therefore, the Court hereby suspends the mandatory condition for substance abuse testing as defined by 18 U.S.C. 3563 (a)(5). However, this does not preclude the United States Probation Office from administering drug tests as they deem appropriate.

3) The defendant shall pay restitution in the amount of $99,536.92 as directed by the probation officer.

AO 245B (Rev 12/03)(VAED rev 2) Judgment in a Criminal Case  Page 5 of 6
Sheet 5 - Criminal Monetary Penalties

| Defendant's Name: | PRESTON CHEROUNY |
|---|---|
| Case Number: | 1:11CR00137-001 |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $99,536.92 |
| TOTALS: | $100.00 | $0.00 | $99,536.92 |

No fines have been imposed in this case.
The Court waives the cost of prosecution, incarceration, and supervised release.
The defendant must make restitution (including community restitution) to the following payees in the amount listed below.
If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C Section 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Count | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|---|
| SEE ATTACHED RESTITUTION ORDER | 1 | $99,536.92 | $99,536.92 | |
| TOTALS: | | $99,536.92 | $99,536.92 | |

Payments of Restitution are to be made payable to Clerk, U.S. District Court.
The Court determined that the defendant does not have the ability to pay interest and it is ordered that the interest requirement is waived for the restitution.

Defendant's Name: **PRESTON CHEROUNY**
Case Number: **1:11CR00137-001**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment shall be due in full immediately.

The restitution shall be paid as directed by the probation officer.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment or fine by the United States.



FILED
IN OPEN COURT

JUN 17 2011

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **Criminal No. 1:11CR137** |
| ) | |
| PRESTON CHEROUNY, ) | |
| ) | |
| Defendant. ) | |

## RESTITUTION ORDER

1. The defendant is sentenced to pay restitution in the amount of **$99,536.92**.

2. The amount of restitution paid to a victim shall not exceed the victim's total loss from the offenses of conviction.

3. The victims' names, addresses, and the victims' respective total loss amounts are listed in Attachment A to this Restitution Order.

4. Interest:

    ✓ is waived.

    ___ accrues as provided in 18 U.S.C. § 3612(f).

5. Restitution is due immediately, and notwithstanding any other provision of this Restitution Order, the Government may enforce restitution at any time. The defendant shall make a bona fide effort to pay restitution in full as soon as practical.

6. If incarcerated, the Court encourages the defendant to participate in the Bureau of Prison's Inmate Financial Responsibility Program, to comply with the provisions of the financial plan, and to meet the defendant's financial obligation, pursuant to 28 C.F.R. § 545.10-11.

7. The defendant shall pay to the Clerk at least $_____ per month or _____ percent of net income, whichever is greater, beginning _as directed by probation office_.

8.  All payments shall be made to the Clerk of Court, United States District Court, 401 Courthouse Square, Alexandria, Virginia 22314.

9.  Within 30 days of (a) any change of name, residence, or mailing address; and (b) any material change in economic circumstances that affects the ability to pay restitution, the defendant shall notify the Clerk of Court and the United States Attorney's Office, Financial Litigation Unit, 8000 World Trade Center, Norfolk, VA 23510.

10. No delinquent or default penalties will be imposed except upon Order of the Court.

/s/
Liam O'Grady
United States District Judge
Honorable Liam O'Grady
United States District Judge

ENTERED this 17th day of June, 2011.

at Alexandria, Virginia

WE ASK FOR THIS:

Neil H. MacBride
United States Attorney

_____
Uzo Asonye
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone -703-299-3700
Facsimile -703-299-3981
E-Mail - Uzo.Asonye@usdoj.gov

SEEN AND AGREED:

Preston Cherony
Defendant

_____
Douglas R. Kay
Counsel for Defendant
Briglia Hundley Nutall & Kay PC
1921 Gallows Road, Suite 750
Vienna, Virginia 22182
Telephone - 703-883-0880
Facsimile - 703-883-0899
E-Mail - dkay@bhnklaw.com

3

## ATTACHMENT A TO RESTITUTION ORDER

| Victims: | Loss Amount: |
| --- | --- |
| Wells Fargo Bank<br>Attention: Steve Linstrom<br>1700 Lincoln Street 9th Floor,<br>MAC C7300-09C<br>Denver, Colorado 80203 | $52,536.92 |
| JP MorganChase<br>Attn: Jill Simons, 10151 Deerwood Park Blvd, Bldg 400, Floor 5, Jacksonville, FL 32256 | $47,000.00 |
| Total Due from Defendant: | $99,536.92 |

4